**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Barrett M. Moore,

       Plaintiff,

     v.                                    Case No. 1:14cv221

Commissioner of Social Security             Judge Michael R. Barrett

       Defendant.

## <u>ORDER</u>

This matter is before the Court upon the Magistrate Judge's February 11, 2015 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.   (Doc. 17).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).   Plaintiff filed objections to the Magistrate Judge's R&R.   (Doc. 17).   The Commissioner filed a Reply to the Objections.   (Doc. 20).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."   Fed. R. Civ. P. 72(b)(3).   After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."   *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the

same will not be repeated here except to the extent necessary to address Plaintiff's objections. Plaintiff's objections essentially repeat the arguments made in his Statement of Errors: (1) the ALJ gave undue weight to the opinion of the non-examining medical advisor, Dr. Savage; (2) the ALJ failed to give controlling weight or the most weight to Plaintiff's treating physician, Dr. Neff; (3) the ALJ did not properly weigh the opinion of Plaintiff's treating psychiatrist, Dr. Wulsin; (4) the ALJ did not properly consider Plaintiff's psychological impairments; (5) the ALJ did not properly consider Plaintiff's stenosis of the back and right leg radiculopathy; (6) the ALJ did not properly assess Plaintiff's credibility, pain and subjective complaints; and (7) the ALJ relied on the answers to improper hypothetical questions to the vocational expert.

### A. Medical opinions

Plaintiff argues that the ALJ failed to give proper weight to Plaintiff's treating physicians, Drs. Neff and Wulsin, because the ALJ gave greater weight to the medical advisor, Dr. Savage, and the reviewing physicians.

The Sixth Circuit has explained that a non-examining source has a complete medical snapshot when reviewing a claimant's file and that:

> In appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources . . . if the State agency medical . . . . consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245, n.4 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996), Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by a State Agency Medical or

Psychological Consultants and other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Level of Administrative Review; Medical Equivalence).   "The ALJ's decision as to how much weight to accord a medical opinion must be accompanied by 'good reason'" that are 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5).

As the Magistrate Judge explained, the ALJ gave "good reasons" for declining to give Dr. Neff's opinions controlling weight.   Moreover, as the Magistrate Judge explained, the ALJ was entitled to give Dr. Savage's opinion more weight because it was supported by objective test results.   (See Doc. 16, PAGEID # 2316).

As to Dr. Wulsin, the Magistrate Judge correctly explained that the ALJ gave "good reasons" for the limited weight given to his opinion.  (See Doc, 16, PAGEID # 2319). Also, as the Magistrate Judge explained, it was not error for the ALJ to refer to the GAF or PHQ-9 scores in his discussion of the weight given to the opinion of Dr. Wulsin.   (See Doc. 16, PAGEID # 2320-21).

Therefore, the Court finds no error in the Magistrate Judge's R&R and Plaintiff's objections regarding the weight given to the medical opinions are OVERRULED.

## B. RFC

Plaintiff argues that in formulating Plaintiff's RFC, the ALJ did not properly consider Plaintiff's psychological impairments or stenosis of the back and right leg radiculopathy.

A claimant's "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 786 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96–8p, 1996 WL 374184, at * 1 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims)).  An ALJ "must determine a claimant's residual functional capacity, considering 'numerous factors' including 'medical evidence, non-medical evidence, and the claimant's credibility.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (quoting *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed.Appx. 435, 443 (6th Cir.2010) and citing SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996); SSR 96–8p, at *5).  Therefore, as the Magistrate Judge correctly noted, while medical sources render opinions on a claimant's RFC, the ultimate responsibility for determining a claimant's capacity to work lies with the Commissioner.  The Magistrate Judge's R&R includes a detailed discussion of the ALJ's findings as they relate to Plaintiff's impairments and the ALJ's determination of Plaintiff's RFC.  (See Doc. 16, PAGEID # 2328-331).  The Court concludes that the Magistrate Judge properly found that the ALJ's finding is substantially supported by the evidence in the record.  Therefore, Plaintiff's objections regarding the ALJ's RFC determination are OVERRULED.

## C. Credibility

Plaintiff argues that the ALJ did not properly assess his credibility, pain and subjective complaints.

As the Magistrate Judge explained, "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe

the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)). The ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). As the Magistrate Judge explained, the ALJ's credibility finding is supported by substantial evidence. (See Doc. 16, PAGEID # 2333). Therefore, Plaintiff's objections are OVERRULED.

### D. Hypothetical questions to VE

Plaintiff argues that the ALJ erred in relying on the answers to improper hypothetical questions to the Vocational Expert ("VE"). Specifically, Plaintiff argues that the hypotheticals should have included the moderate limitations on persistence and pace which the ALJ found. However, the Sixth Circuit has rejected this argument. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (rejecting argument that an ALJ—who had found that the claimant often had problems concentrating on a standard psychiatric assessment form—was logically compelled to include that finding in a hypothetical question). Therefore, the court finds no error in the Magistrate Judge's conclusion that the hypothetical questions to the VE's accurately portrayed Plaintiff's physical and mental impairments. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Accordingly, Plaintiff's objections are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's February 11, 2014 R&R (Doc. 16) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court